UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HENRY FLOURNOY, P00154293,<br>Plaintiff,<br>v.<br>MARIN COUNTY, et al.,<br>Defendant(s). | Case No. 23-cv-01942-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a prisoner at the Marin County Jail (MCJ) facing probation revocation proceedings on prior criminal convictions (as well as pretrial proceedings on new criminal charges in Marin County Superior Court and other jurisdictions) and a frequent litigant in federal court, filed a pro se complaint under 42 U.S.C. § 1983 claiming deliberate indifference to his serious medical needs in connection with the discontinuation of his prescription for Suboxone for opioid addiction by several MCJ officials, and in connection with the discontinuation of his prescription for Wellbutrin for depression by a different MCJ official, after he arrived at MCJ from Alameda County Jail (ACJ) on July 8, 2022. Plaintiff also claims various retaliatory actions in response to his having filed a prior federal action in 2021 regarding discontinuation of Suboxone and Wellbutrin, and in addition to naming nearly a dozen individual MCJ officials, also names Marin County, the Marin County Board of Supervisors (MCBOS), Marin County Sheriff's Department (MCSD) and Marin County Department of Health and Human Services (MCDHHS).

On June 7, 2023, the court provided plaintiff an opportunity to: "(1) file an amended complaint regarding his claims of deliberate indifference to serious medical needs in connection with the suspension of his prescription of Suboxone and of retaliation against deputies Vanderlind, Desoto and Husk, Dr. Basu and nurses John, Joey, Singh and Luisa (and any other viable claim against the same defendants), and (2) file a separate action regarding his unrelated claims against Dr. Quezada." ECF No. 7 at 3.

The court specifically dismissed the complaint with leave to amend to set forth specific facts showing how each individual defendant was deliberately indifferent to plaintiff's health and safety, and/or stating a viable claim of First Amendment retaliation, if possible. The court also advised plaintiff that in a § 1983 action a prison or jail official can only be liable for his or her own misconduct and that a local government or agency similarly may be subject to liability under § 1983 only where official policy or custom causes the constitutional violation of which plaintiff complains. See id. at 4-5 (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978)).

The court provided plaintiff 28 days to file an amended complaint and warned him that "[f]ailure to file a proper amended complaint within the designated time will result in the dismissal of this action." Id. at 5.

More than 40 days have passed since the court's June 7, 2023 order of dismissal with leave to amend and plaintiff has not filed an amended complaint or sought an extension of time to do so. The action accordingly is DISMISSED without prejudice.

The clerk is directed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: July 17, 2023

_____
CHARLES R. BREYER
United States District Judge

2